Park v Yu Qing Yan (2024 NY Slip Op 06570)

Park v Yu Qing Yan

2024 NY Slip Op 06570

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2020-05103
 (Index No. 600714/16)

[*1]Dorothy Park, et al., appellants, 
v
Yu Qing Yan, et al., respondents.

Shayne, Dachs, New York, NY (Jonathan A. Dachs of counsel), for appellants.
Mintzer Sarowitz Zeris Ledva & Meyers LLP, New York, NY (Erika L. Omundson of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered May 28, 2020. The judgment, upon a jury verdict, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
Following an altercation in a parking lot between the plaintiff Dorothy Park and the defendants, the plaintiffs commenced this action, inter alia, to recover damages for assault and battery. After a jury trial, during which the parties presented conflicting versions of the altercation, the jury found that the defendants did not commit assault or battery. A judgment was entered on May 28, 2020, upon the jury verdict, in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
Contrary to the plaintiffs' contention, the jury verdict was not contrary to the weight of the evidence. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Scarpulla v Williams, 147 AD3d 1101, 1102; see Cohen v Hallmark Cards, 45 NY2d 493, 499). Here, although the evidence presented at trial established bodily contact between the defendants and Park, the parties presented conflicting testimony concerning material aspects of the altercation. Affording due deference to the jury's resolution of those conflicts, there is no valid basis for disturbing the jury verdict in favor of the defendants (see Hall v Bouklis, 206 AD3d 800, 801).
IANNACCI, J.P., CHRISTOPHER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court